UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON T. LOPEZ (#615051)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **18-509-JWD-RLB** |
| **JAMES LEBLANC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 21, 2020.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NELSON T. LOPEZ (#615051)                          CIVIL ACTION

VERSUS
                                                   18-509-JWD-RLB
JAMES LEBLANC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 James LeBlanc, Darryl Vannoy, Ray Vittorrio, Joseph Landry, Becky Meredith, Butch Browning and Jimmie Guidry alleging that he has been subject to unconstitutional conditions of confinement. He prays for declaratory, injunctive, and monetary relief.

Motions to Dismiss filed on behalf of defendants James LeBlanc, Darryl Vannoy, Ray Vittorrio, Butch Browning, Jimmy Guidry, and Joseph Landry (R. Docs. 16 and 27). These motions were not opposed. On May 9, 2019 the Motions were granted in part, dismissing all of the plaintiff's claims against the moving defendants with prejudice, except the plaintiff's claim asserted against defendants Vittorio and Landry regarding the standing water in the showers. *See* R. Doc. 30.

On February 19, 2020 the Magistrate Judge issued a Report and Recommendation recommending dismissal of defendant Becky Meredith for failure of the plaintiff to serve the defendant within time period set forth in Federal Rule of Civil Procedure 4(m). *See* R. Doc. 35. The plaintiff did not file an objection, and the plaintiff's claims against defendant Meredith were dismissed without prejudice. *See* R. Doc. 39.

On February 24, 2020, this matter was set for a pre-trial conference for April 8, 2020. The parties were ordered to file their respective portions of the pre-trial order by March 25, 2020. *See* R. Doc. 36.  Due to the Covid-19 pandemic, this was rescheduled multiple times. *See* R. Doc. 41, 45.  On June 23, 2020 the pre-trial conference was cancelled and reassigned for August 12, 2020, and the parties were ordered to file their respective portions of the pre-trial order by July 29, 2020.  *See* R. Doc. 49.  The plaintiff did not file his portion of the proposed pre-trial order.

On August 6, 2020 the pre-trial conference was cancelled and reassigned for September 2, 2020, and the plaintiff, having failed to submit his portion of the pre-trial order, was ordered to do so within seven days of the date of the Order. *See* R. Doc. 54.  Plaintiff again failed to do so.

On August 31, 2020, the plaintiff was ordered show cause, within 14 days, as to why his action should not be dismissed for failure to comply with the Court's pre-trial order of August 6, 2020.  It was further ordered that failure to show cause or respond as ordered may result in dismissal of the plaintiff's action without further notice.  *See* R. Doc. 57.  To date, the plaintiff has not filed any response to the Court's show cause order.  In addition to failing to comply with the aforementioned orders, further review reveals that the plaintiff has taken no action in this matter since October 23, 2018.

Rule 16(f) of the Federal Rules of Civil Procedure provides that a court may issue sanctions, including dismissal of the action in whole or in part, if a party "fails to obey a scheduling or other pretrial order."  *See* Federal Rule of Civil Procedure 16 (f)(1)(C). Additionally, this Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31(1962); *Curtis v.*

*Quarterman*, 340 F. App'x 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b) ). Such a sanction is necessary in order to prevent delay and avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630–31.

However, a dismissal with prejudice is a dismissal on the merits and is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Coleman v. Sweetin,* 745 F.3d 756, 766 (5th Cir. 2014). Consequently, dismissal with prejudice is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or where lesser sanctions have been employed but proved to be futile. *Id.* Additionally, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 766 n. 9. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery,* 792 F.2d 472 (5th Cir. 1985). "The district court's consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp.,* 778 F.2d 1154, 1159 (5th Cir. 1985).

In the instant matter, there is a clear record of delay by the plaintiff. A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna,* 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.,* 368 F. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). The plaintiff has taken no action in this matter since October 23, 2018.

Further, based upon the record, the imposition of a lesser sanction would not prompt diligent prosecution of this matter. The defendants' Motion to Dismiss (R. Doc. 16) remained pending for over four months. In that time, the plaintiff neither filed an opposition nor requested an extension relative thereto. The Report and Recommendation (R. Doc. 29) recommending that the defendants' Motion to Dismiss be granted in part remained pending for two months. During that time the plaintiff did not file an objection. The first Order setting this matter for a pre-trial conference was issued on February 26, 2020. *See* R. Doc. 36. The pre-trial conference was rescheduled several times due to the Covid-19 pandemic, and then again due to the plaintiff's failure to file his respective portions of the pre-trial order. *See* R. Doc. 54. As such, the plaintiff had over five months to file his respective portions of the pre-trial order and failed to do so. The plaintiff then failed to show cause why his Complaint should not be dismissed for failure to comply with the Court's Order allowing for additional time to file his pre-trial inserts. *See* R. Doc. 57. As such, there is nothing in the record to suggest that lesser sanctions would serve the interests of justice. Accordingly, dismissal with prejudice is appropriate in this matter.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, for failure to prosecute and failure to comply with the Court's orders regarding the pre-trial conference.

Signed in Baton Rouge, Louisiana, on September 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**